UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY STATON,<br><br>      Plaintiff,<br><br>v.<br><br>VESTA CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.: |

### DEFENDANT VESTA CORPORATION'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

PLEASE TAKE NOTICE that Defendant Vesta Corporation ("Vesta") respectfully removes the above-captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds therefore state as follows:

1. On or about September 1, 2021, Plaintiff Tony Staton ("Plaintiff") commenced an action against Vesta in the Superior Court of the District of Columbia, entitled *Tony Staton v. Vesta Corporation*, Civil Action No. 2021 03296 (hereinafter "State Court Action"). *See* Exhibit 1, Complaint filed by Tony Staton.

2. On or about January 19, 2022 Plaintiff filed an Amended Complaint. *See* Exhibit 2, Amended Complaint filed by Tony Staton.

3. On or about January 21, 2022 Vesta was served with the Complaint, Amended Complaint, Summons, and Case Information Sheet. *See* Exhibit 3, Civil Summons;[1] Exhibit 4, Case Information Sheet.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the summons was served. No orders have been signed by the state judge presiding over the State Court Action.

5. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the District of Columbia because the alleged actions purportedly occurred in the District of Columbia. *See* Ex. 2, Amended Complaint.

7. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Heritage Educ. Tr. v. Katz,* 287 F. Supp. 2d 34, 36 (D.D.C. 2003).

8. Accepting the allegations in Plaintiff's Complaint as true, Plaintiff is a resident and citizen of the District of Columbia. Ex. 1.

9. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

---

[1] Vesta does not waive any argument regarding the validity of the summons, or the service of it, which was not signed the Clerk of the District of Columbia Superior Court. *See* Ex. 3.

10. First, Vesta is a corporation organized and existing under the laws of the State of Connecticut. *See* District of Columbia Corporate Registration, attached hereto as Exhibit 5. Defendant is therefore a citizen of Connecticut for diversity purposes.

11. Second, to determine a corporation's "principal place of business," the Supreme Court has held courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Friend*, 559 U.S. at 92-93. A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

12. Here, Defendant has its headquarters and principal place of business in Weatogue, Connecticut, and, accordingly, is a citizen of Connecticut for purposes of diversity. *See* Ex. 5.

13. In summary, Defendant is a citizen of Connecticut pursuant to § 1332(c)(1).

14. Accordingly, diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(1) exists between Plaintiff (a citizen of the District of Columbia) and Defendant (a citizen of Connecticut) at the time of filing this Notice of Removal.

15. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceeds the sum or value of $75,000.00."

16. In his Civil Information Sheet, Plaintiff demands "$1,000,000" which exceeds the $75,000.00 threshold required by 28 U.S.C. § 1332(a)(1). Ex. 4.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Vesta in the Superior Court of the District of Columbia are attached hereto as Exhibits 1-4 and are incorporated herein by reference.

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a Notice will also be filed with the Superior Court for the District of Columbia, a copy of which is attached hereto as Exhibit 6.

19.     By filing the instant Notice of Removal, Vesta does not waive, and fully reserves, all defenses it may have, including but not limited to defenses of improper service, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant Vesta respectfully removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia, and requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

By: /s/ David A. Rosenberg
David A. Rosenberg
DC Bar No. 433405
K. Maxwell Bernas
DC Bar No. 1048861

FordHarrison LLP
1300 19th Street, N.W., Suite 420
Washington, DC  20036
Telephone: (202) 719-2000
Facsimile: (202) 719-2077
drosenberg@fordharrison.com
kmbernas@fordharrison.com

*Attorneys for Defendant Vesta Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of February, 2022, I caused the foregoing **DEFENDANT VESTA CORPORATION'S NOTICE OF REMOVAL** to be electronically filed with the Court using the CM/ECF system and that I have caused a true and accurate copy of the foregoing to be served, via first-class United States mail, postage prepaid, on the following:

>Tony Staton
>816 Southern Avenue, SE
>Apartment 204
>Washington, DC 20037
>
>*Pro Se Plaintiff*

/s/ David A. Rosenberg___
David Rosenberg

WSACTIVELLP:12901222.1