## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TONY STATON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-cv-00374 (APM)** |
| | ) | |
| **VESTA CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

In this action, pro se Plaintiff Tony Stanton sues Defendant Vesta Corporation, complaining of various events and conditions related to his rental of an apartment owned, presumably, by Defendant. *See* Compl., ECF No. 1-6 [hereinafter Compl.], at 12–13. Defendant moves to dismiss on two grounds: (1) insufficient process and (2) failure to state a claim, *see* FED. R. CIV. P. 12(b)(4), 12(b)(6). Def.'s Mot. to Dismiss, ECF No. 6 [hereinafter Def.'s Mot.], Mem. of P. & A. in Supp. of Def.'s Mot., ECF No. 6-1 [hereinafter Def.'s Mem.]. Although the court agrees that both grounds for dismissal are valid, the court declines to dismiss with prejudice. The court will permit Plaintiff (1) to cure the deficiency in process and (2) re-plead his complaint. Plaintiff's motion for pro bono counsel is denied without prejudice. *See* Pl.'s Mot. for Appointment of Pro Bono Counsel, ECF No. 10.

As to insufficient process, Defendant argues that the case must be dismissed because the summons that accompanied service of the complaint was not signed by the clerk of court and does not bear the court's seal, as required by Federal Rule of Civil Procedure 4(a)(1)(F), (G). Def.'s Mem. at 4–5. The court agrees that Plaintiff failed to comply with those requirements.

However, in this Circuit, trial courts must "liberally construe[]" the requirements of Rule 4 "in the interest of doing substantial justice" and assess "the propriety of service . . . on its own facts within the limits of the flexibility provided by the rule itself." *FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312 n.61 (D.C. Cir. 1980).  This approach is "consistent with the modern conception of service of process as primarily a notice-giving device." *Id.*  Consequently, the sole case the court has found from this District Court similar to this one—involving the absence of the clerk's signature and the seal of the court on a summons—declined to dismiss it.  *See Miller v. Holzmann*, No. 95-cv-1231 (JMF), 2006 WL 568722, at *23–25 (D.D.C. Mar. 9, 2006), *report and recommendation adopted in part and overruled in part by* No. 95-cv-1231 (RCL), 2007 WL 710134, at 9–10 (D.D.C. Mar. 6, 2007); *see also* 4A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 1088 (4th ed. 2008 ("A defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process.")).  *But see Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir. 2019) ("It is true that service of a valid summons is necessary before the district court may exercise personal jurisdiction over the defendant, and to be valid a summons must indeed be signed by the clerk." (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant.").  Accordingly, the court will "quash the process, preserve the action, and allow the plaintiff to re-serve the defendant."  *See* 4A WRIGHT, MILLER & COOPER, *supra*, § 1088.

As to Defendant's argument that Plaintiff's complaint fails to state a claim, the court agrees.  Certain parts of the complaint's allegations are a mere listing of grievances that would appear to not have any corresponding statutory or common law relief.  *See* Compl. (alleging that

property manager walked into the apartment unannounced and complaining of mice infestation); Pl.'s Opp'n to Def.'s Mot., ECF No. 9 [hereinafter Pl.'s Opp'n].  Plaintiff does appear to advance one potentially cognizable claim:  that Defendant denied him an accessible apartment.  *See* Compl. at 1; Pl.'s Opp'n at 1 (stating that Defendant did not "provid[e] plaintiff with the agreed upon apartment suitable for his disability"); *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 729 (1995) ("Discrimination covered by the [Fair Housing Act] includes 'a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [handicapped] person[s] equal opportunity to use and enjoy a dwelling.'") (citing 42 U.S.C. § 3604(f)(3)(B)).

Plaintiff must state a plausible claim to survive a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Here, Plaintiff has not pleaded any "factual content" to support a possible housing discrimination claim.  He has not, for example, stated the nature of his disability, what accommodation he sought or when he sought it, or how his current apartment fails to accommodate his disability.  Absent such "factual content," Plaintiff cannot proceed with a claim.  The court, however, will permit Plaintiff to re-plead due in part to his pro se status.

Accordingly, Defendant's Motion to Dismiss, ECF No. 6, is denied.  Plaintiff shall file an amended complaint by August 10, 2022.  Upon the filing of such complaint, the Clerk of Court shall issue to Plaintiff a summons with the Clerk's signature and this District Court's seal affixed. Then, within 30 days, Plaintiff shall serve Defendant with a proper summons and complaint pursuant to the requirements of Rule 4(h).  To promote efficiency, the court would hope that counsel for Defendant would accept service of an amended pleading.

Dated:  July 11, 2022

Amit P. Mehta
United States District Judge